# IN RE SELDEN.

PATENTS; APPEAL AND ERROR; ABANDONMENT.

1. A decision of the Commissioner of Patents holding an application for a patent to have been abandoned amounts in effect to a rejection of the claims of the application, within the meaning of the statute, and is appealable, where the application was filed in 1895, and the order in question was not made until 1909; it being apparent from a mere recital of the dates that to require the applicant to file a new application might deprive him of substantial rights. (Citing *Cosper* v. *Gold*, 34 App. D. C. 194; *Moore* v. *Heany*, 34 App. D. C. 31.)

2. Where an applicant for a patent complied with the terms of an order of the Commissioner of Patents which reopened the application "for the purpose of inserting therein" twenty-one claims "when amended in accordance herewith," he cannot be said to have failed to prosecute his application within the meaning of the statute, providing that failure to prosecute an application within two years after action thereon shall be regarded as an abandonment by the applicant, merely because he added other claims not expressly authorized by the Commissioner.

3. When the facts are admitted, the question of abandonment becomes one of law, and is not governed by the same rule applicable to cases where it is sought to review the exercise of discretion on the part of the Commissioner.

No. 677.   Patent Appeals.   Submitted January 10, 1911.   Decided February 6, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents, declaring an application for a patent abandoned for lack of prosecution within the statutory period of two years.

*Reversed.*

The facts are stated in the opinion.

*Mr. S. T. Fisher* and *Mr. C. L. Sturtevant* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by [George B. Selden] from a decision of the Commissioner of Patents in an *ex parte* case holding that appellant's application was abandoned "for lack of sufficient prosecution within the statutory period of two years."

The material facts are these: The application was filed September 7th, 1895, as a division of a prior application filed May 8th, 1879, which matured into Patent No. 549,160 on November 5th, 1895, the division being required by the Patent Office. Various routine proceedings were had, and the application finally reached the Commissioner on appeal from a decision of the Examiners-in-Chief affirming the ruling of the Primary Examiner, rejecting its claims. At the hearing before the Commissioner, applicant submitted twenty-one claims, and requested that they be considered in lieu of the claims passed upon by the lower tribunals. The Commissioner, however, in his decision, which was rendered June 25th, 1902, re-examined the claims passed upon by those tribunals, and affirmed the decision as to claims 1 to 8, inclusive, and reversed the decision as to claims 9, 10, and 11. He then proceeded to examine the suggested claims, and found them subject to specific objections which he held would be overcome if amended in accordance with the suggestions contained in his decision. He then said: "This application is reopened for the purpose of inserting therein the series of claims submitted in the appellant's brief when amended in accordance herewith. If such an amendment is submitted, the examiner will enter and allow the same, in the event that no new references are discovered." Thereupon, on July 26th, 1902, the applicant filed a substitute specification containing thirty claims, including the twenty-one claims duly amended, which the Commissioner had ruled might be submitted to the Examiner for consideration and allowance, un-

less new references should be discovered. Thereafter, on July 28th, 1902, applicant filed an amendment containing two additional claims. On August 20th, 1902, the Commissioner forwarded to the applicant a communication from the Examiner in charge of the application, in which communication it was stated that "the amended specification and claims filed July 28th, 1902, have been entered in the case." Attention was also directed to the fact that "the claims contained. in the amendment are not the same in all respects as those submitted in the brief; the amended claims are thirty-two in number, whereas only twenty-one were before the Commissioner." The Examiner ruled that as the decision of the Commissioner permitted the citation of new references the case would be considered *de novo*. After considering all the claims the Examiner, "under the authority of the Commissioner's decision," allowed claims 17, 18, 19, 21, 22, and 23, and rejected the others on certain stated references. Further action by the applicant was delayed until July 7th, 1904,. when an amendment was presented erasing certain of the claims and changing certain others. On September 16th, 1904, a further amendment was filed, canceling all the claims and presenting twenty-four others. On February 21st, 1905, the Commissioner again forwarded to the applicant a communication from the Examiner as to the action taken by him upon the amendment of September 16, 1904, being the last amendment submitted. Thereafter, on February 18th, 19th, and 20th, 1907, respectively, applicant filed three other amendments. Again, on June 25th, 1907, the Commissioner forwarded to the applicant the action of the Examiner upon said amendments. In this the Examiner suggested certain changes, and that when these were made the claims would be allowed. These suggestions were not complied with by the applicant until June 7th, 1909. Whereupon the Examiner *then* in charge of the case, on July 8th, 1909, addressed a communication to the Commissioner, in which he said: "Claims 1 to 21, inclusive, are thought to be drawn to such subject-matter as indicated by the Commissioner in his decision might be allowed, and the Examiner has therefore no

further jurisdiction, in view of that decision. It is, however, proposed to reject claims 22, 23, and 24, as not patentable, and as not embraced in that decision." Certain references were then given. The Commissioner, upon consideration of this communication from the Examiner, held that "the action which the condition of the case required after the Commissioner's decision of June 25th, 1902, was an amendment containing the twenty-one claims amended in accordance with the suggestion made in that decision.

As stated above, the amendments filed July 22d and July 28th, 1902, did not conform to this decision; and as no further amendment was filed until July 7th, 1904, more than two years after the decision of Commissioner Allen of June 25th, 1902, it must be held that the application is abandoned for lack of sufficient prosecution within the statutory period of two years."

The first question which confronts us is whether, in an *ex parte* case, a decision of the Commissioner of Patents, holding an application abandoned, is open to review on appeal.

Specifically, the statute provides that an appeal lies to this court when an applicant "is dissatisfied with the decision of the Commissioner" upon an appeal from the Primary Examiner through the Examiners-in-Chief, the Primary Examiner having twice rejected any of the claims. We have said that the decision of the Commissioner must be a final one, and amounting to a rejection of the claims of the application. *Cosper* v. *Gold*, 34 App. D. C. 194. The question, then, is whether the striking down of an application on the ground of abandonment amounts to a rejection of the claims thereof within the meaning of the statute. Of course, if such action on the part of the commissioner is in effect a rejection of the claims of the application, the court will look to such result rather than to the manner in which it is reached. Substance should never be sacrificed to form. In *Moore* v. *Heany*, 34 App. D. C. 31, Mr. Chief Justice Shepard expressed the opinion that an appeal would lie from an order of the Commissioner, striking an application from the files "on account of an alteration or unauthorized amendment," saying "the court would look to the substance,

the necessary effect and operation of the order, rather than to
its formal recital merely."

Counsel for the Commissioner, in a very comprehensive
and helpful brief, suggests that the effect of the order in
this case does not necessarily amount to a rejection of the
claims of the application, and hence that no right of appeal
exists. The application was filed in 1895, and the order of
the Commissioner under consideration was not rendered un-
til July 27th, 1909. We think it apparent from the mere
recital of these dates that to require appellant to file a new
application in effect deprives him of his invention; in other
words, that such a requirement may be and probably is tanta-
mount to a rejection of his claims. That he may have been
responsible for much of the delay following the filing of his
application ought not to prejudice him here, provided he has
taken such action as the statute demands. In *United States ex
rel. Steinmetz* v. *Allen,* 192 U. S. 543, 48 L. ed. 555, 24 Sup.
Ct. Rep. 416, it was held that a decision of the Primary Ex-
aminer requiring a division between certain process and ap-
paratus claims "must be considered as final and appealable,"
the ground of the decision being that if the applicant, in such
a situation, yield to the demand of the Examiner, he loses his
right to joinder; and "if he does not yield, he will not be heard
at all, and may subsequently be regarded as having abandoned
his application." The effect of the decision of the Commis-
sioner in the present case is liable to be just as disastrous to the
applicant as was the effect of the order of the Commissioner in
the *Steinmetz Case;* and it is apparent that the appellant, if cor-
rect in his contentions, has been deprived of a substantial right.
Acquiescence in the Commissioner's decision would, of course,
put an end to *this* application. In filing a new application, if
his invention had already been exploited, he would probably
be met by the bar of public use. On the other hand, if it had
not been exploited, he would be deprived of the 1895 filing
date as establishing constructive reduction to practice. The
question of intervening rights of third parties would also be a
very serious one. Considering, therefore, that if the Commis-
sioner's decision was unwarranted, appellant was entitled to

redress either by mandamus or by appeal (*United States ex rel. Steinmetz* v. *Allen, supra,* and that legislation in aid of inventors "should be liberally construed to meet the wise and beneficent object of the legislature" (*Commissioner of Patents* v. *Whiteley* [*Holloway* v. *Whiteley*] 4 Wall. 532, 18 L. ed. 337), we are of the opinion that the order appealed from in this case is within the purview of the statutes providing for appeals from the Commissioner's decisions.

We come now to the question whether appellant has made out such a case as to justify this court in disturbing the decision of the Commissioner, rendered pursuant to the authority of sec. 4894, Rev. Stat. U. S. Comp. Stat. 1901, p. 3384, which formerly prescribed that failure of an applicant to prosecute an application "within two years after any action therein, of which notice shall have been given to the applicant," shall be regarded as an abandonment by the applicant "unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable." It is not denied that the substitute application filed July 26th, 1902, contained the twenty-one claims, duly amended, which the Commissioner, in his decision of June 25th, 1902, had ruled might be submitted to the Examiner for consideration and allowance if so amended, unless new references should be discovered. The Commissioner justifies his decision upon the ground that the filing of other and additional claims amounted to improper and irresponsive action, and that the inclusion of these improper claims affected the whole amendment; in other words, that excess of prosecution in this instance constituted the lack of it. We cannot accede to this view. It may be conceded that an applicant must act in good faith in the prosecution of his case, and that his action must be responsive to official action. Take the case before us: The Commissioner, in his decision of June 25th, 1902, in the interests of justice ruled that the case might be reopened for the purpose of inserting therein the twenty-one claims to which reference has been made, when amended in accordance with the suggestion of the Commissioner. We agree with the Commissioner that this decision did not authorize the

submission of thirty-two claims. The inclusion of the eleven additional claims was unauthorized, and might have tended to delay further official action; but even so, the amended application contained the twenty-one claims expressly authorized by the Commissioner, and it is not contended that subsequent action on the part of the applicant as to those particular claims was improper. It would have been a very simple matter for the Examiner, who, of course, had the Commissioner's decision before him, to have stricken out the unauthorized claims. Instead of that, however, he considered and allowed part of them, and on August 20th, 1902, a communication in the name of the Commissioner was sent the applicant containing the above action of the Examiner.

The statute applicable to this case declares that an application shall be regarded as abandoned for failure of prosecution within two years after official action. That period has now been changed to one year, and it may be seriously questioned whether Congress would not be justified in making the period even shorter. The Commissioner, however, is bound by the law. He had no authority to regard the application as abandoned for lack of prosecution if in fact there had been such prosecution as the statute contemplated. That there was such action there can be no doubt, for to the extent of twenty-one claims it was in strict conformity to the prior ruling of the Commissioner. Moreover, had leave been asked to file the additional claims, it is quite evident that it would have been granted, as they were more specific than the twenty-one claims which the Commissioner allowed to be filed. Inasmuch, however, as such leave was not obtained, the Examiner should have refused to entertain the additional claims. He was as much bound by the decision of his superior as was the applicant, and yet he considered those claims and his successive decisions thereon were forwarded to the applicant in the name of the Commissioner.

We rule, therefore, that the applicant, having complied with the terms of the Commissioner's order permitting the reopening of the case, cannot be said to have failed to prosecute his application within the meaning of the statute merely because

**D. C.]** Syllabus.

he added claims not expressly authorized by the Commissioner. The facts being admitted, the question of abandonment became one of law, and is not governed by the same rule applicable to cases where it is sought to review the exercise of discretion on the part of the Commissioner.

The decision of the Commissioner will therefore be reversed and the case remanded, with directions to reinstate the application. The clerk will certify this opinion, as by law required.

*Reversed.*